**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:06 CR 364** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Robert Miller,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court upon defendant's six separately filed motions to dismiss (Docs. 14, 18, 19, 20, 21, 22). For the reasons that follow, ECF Docs. 21 and 22 are moot. The remaining motions are DENIED.

### DISCUSSION

Defendant, Robert Miller, was indicted on four counts related to the possession, receipt and distribution of child pornography. The government subsequently dismissed counts three and four. In six separately filed motions, defendant argues that the indictment should be dismissed.

Because the Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S.

1

234 (2002) is at the center of defendant's arguments, the Court will present a brief overview of that case.

In *Free Speech Coalition*, the Supreme Court addressed the constitutionality of two provisions of the Child Pornography Protection Act of 1996 ("CPPA"). Only one provision is relevant for this discussion. Prior to the enactment of the CPPA, Congress defined "child pornography" to include visual depictions of real minors. In addition to proscribing visual images of real minors, the CPPA also prohibited "any visual depiction, including any photograph, film, video, picture, or computer or computer generated image," that "is, *or appears to be*, of a minor engaging in sexually explicit conduct." 18 U.S.C. 2256(8)(B)(emphasis added). Several plaintiffs brought suit arguing that this definition in the CPPA is unconstitutional because it bans speech otherwise protected by the First Amendment.

The Court began its discussion noting that, pursuant to *New York v. Ferber*, 458 U.S. 717 (1982), statutes banning child pornography using real children survive constitutional scrutiny even if the pornography does not involve obscenity. "As a general rule, pornography can be banned only if obscene, but under Ferber, pornography showing real minors can be proscribed whether or not the images are obscene...." *Free Speech Coalition*, 535 U.S. at 239. The Court noted that the *Ferber* decision is based on the premise that states have a compelling interest in protecting children from child abuse and child pornography depicting real children is tantamount to evidence of this abuse and is a "permanent record of the children's participation." *Ferber* also noted that, in the event depiction of children engaging in sexual conduct was necessary for artistic or literary reasons, adults resembling children could be utilized instead.

Turning to the constitutionality of 18 U.S.C. § 2256(8)(B), the Court framed the issue to

2

be "whether the CPPA is constitutional where it proscribes a significant universe of speech that is neither obscene under *Miller* nor child pornography under *Ferber*." *Id*. at 241.

The Court held that the CPPA could not be sustained under *Ferber* because *Ferber* was based on the manner of production of the image, not the content.  Because children were harmed in the production of the pornography, a state had a compelling interest in banning the speech even though it was not obscene.  Unlike the statute in *Ferber*,

> ...the CPPA prohibits speech that records no crime and creates no victims by its production.  Virtual child pornography is not 'intrinsically related' to the sexual abuse of children, as were the materials in *Ferber*.  While the government asserts that the images can lead to actual instances of child abuse, the causal link is contingent and indirect.  The harm does not necessarily follow from the speech, but depends on some unquantifiable potential for subsequent criminal acts.

*Free Speech Coalition*, 535 U.S. at 249 (internal citations omitted).

Moreover, as *Ferber* itself held, the utilization of young looking adults is a constitutionally permissible alternative to using real children in the creation of pornography. Thus, *Ferber* could not be used to support the ban in the CPPA.  "*Ferber*...not only referred to the distinction between actual and virtual child pornography, it relied on it as a reason supporting its holding.  *Ferber* provides no support for a statute that eliminates the distinction and makes the alternative mode criminal as well."

The government argued that the provision should not be struck down because the ban has the objective of eliminating the market for real child pornography.  According to the government, virtual images are indistinguishable from real ones and are all part of the same market.  Thus, in order to deter the "market" for real child pornography, virtual child pornography must be banned.  In rejecting the government's position, the Court concluded, in essence, that if real and virtual images were indistinguishable, the illegal images would be driven

from the market. In essence, the Court concluded that pornographers would stop using real children for fear of prosecution and, instead, would began utilizing only computer generated images. It appears the Court's theory is that children are not harmed and, in fact, may be helped by permitting the creation of virtual child pornography.

In addition, the government argued that the possibility of producing images by computer makes it extremely difficult to prosecute individuals utilizing real children. In essence, the government argued that "protected speech may be banned as a means to ban unprotected speech." *Id*. at 255. The Court rejected this argument,

> The Government may not suppress lawful speech as the means to suppress unlawful speech. Protected speech does not become unprotected speech merely because it resembles the latter. The Constitution requires the reverse. The possible harm to society in permitting some unprotected speech to go unpunished is outweighed by the possibility that protected speech of others may be muted...." *Id*.

The government pointed out that the CPPA contained an affirmative defense which permitted an accused to avoid conviction if he could prove that the speech at issue involved real adults. The Court noted that the government's attempt to shift the burden onto the accused to prove that his speech is constitutional "raises serious constitutional difficulties."

> Where the defendant is not the producer of the work, he may have no way of establishing the identity, or even the existence, of the actors. If the evidentiary issue is a serious problem for the government, as it asserts, it will be at least as difficult for the innocent possessor.

*Id*. at 256.

The Court, however, did not expressly reach whether an affirmative defense essentially shifting the burden of proof could save a statute and, instead, held that the affirmative defense was insufficient in any event. One of the Court's concerns is that the affirmative defense did not afford protection for individuals viewing computer images, as opposed to images involving real

4

children.

In this case, defendant makes a number of constitutional challenges to the indictment filed against him in this matter. Counts one and two of the indictment charge defendant with knowingly receiving and distributing visual depictions of real minors engaged in sexually explicit conduct.

As set forth above, defendant filed six motions to dismiss. Each will be addressed in turn.

1. Motion to Dismiss Counts One Through Four of the Indictment (ECF 14)

Defendant argues that "the four counts which allege violations of United States Code Sections 2252(a)(2) and Section 2252(a)(5)(B) are based on a statute that is unconstitutional on its face." As the government notes, however, only two of the counts in the indictment are based on Section 2252(a)(2). Moreover, Section 2252(a)(5)(B) does not exist. Accordingly, the Court is at somewhat of a loss as to what defendant is claiming. To the extent defendant is claiming that 18 U.S.C. § 2252 is unconstitutional, that argument is addressed in the next section.

Defendant further argues that the indictment must be dismissed because it fails to identify the "obscene" material and is impermissibly drawn in the disjunctive. Again, defendant is way off the mark. As the government notes, the indictment is *not* drawn in the disjunctive. In addition, defendant focuses on the constitutionality of O.R.C. § 2907.321, a statute obviously not at issue in this case. To the extent defendant is arguing that the indictment fails to put him on notice of the offenses, the argument is rejected. The Court has reviewed the indictment and finds that it is permissible. *See, e.g., United States v. Destio*, 153 Fed. Appx. 888 (3rd Cir. Nov. 14, 2005).

5

2.      Motion to Dismiss (ECF 18)

In his Motion to Dismiss, defendant argues that 18 U.S.C. § 2252 is unconstitutional as applied to him. As set forth above, these counts charge defendant with regard to pornography involving real minors. According to defendant, technology has advanced to such a degree that it is impossible to determine whether the visual images defendant viewed were that of real minors, as opposed to virtual images. As such, the statute impermissibly infringes on his right to possess virtual child pornography. In support of his argument, defendant points to evidence introduced in other cases regarding the difficulty in distinguishing between virtual and real child pornography. The government argues that the arguments presented by defendant exceed the scope of a motion to dismiss because they require consideration of evidentiary materials. This Court agrees. Factual issues are not properly decided on a motion brought pursuant to Fed. R. Crim. Pro. 12(b)(2). Critical to defendant's argument is the factual conclusion that real and virtual images are indistinguishable. This clearly exceeds the scope of a Rule 12 motion. Accordingly, the motion is DENIED.[1]

3.      Motion to Dismiss (ECF 19)

Defendant argues that the indictment against him must be dismissed on the grounds that 18 U.S.C. § 2252 is unconstitutional and prevents him from obtaining a fair trial. In addition, defendant argues that the statute "reduces defense counsel to ineffective." As an initial matter, the Court notes that defendant makes several references to a probable cause affidavit issued on

---

[1]  Defendant argues that Section 2252 is unconstitutional because it is vague and overbroad. This Court disagrees. The Supreme Court expressly held that the government may permissibly regulate child pornography involving real children. *See, Ferber*, 458 U.S. 717; *See also, Osborne v. Ohio*, 495 U.S. 103 (1990).

June 24, 2005. According to the motion, this affidavit marked the day that the federal government expressly declared that attorneys may not possess certain child pornography, even if it is being used by an attorney to prepare a defense. Defendant fails to attach the purported affidavit. The government responds that the affidavit has nothing whatsoever to do with this case. Rather, it was an affidavit provided in support of a search warrant application with regard to certain localities owned by "Dean Boland," who appears to be an attorney. The Court is not at all convinced that these arguments are intended to apply to this case. It appears that defense counsel may have excerpted certain portions of briefs filed in other matters and applied them in rote fashion to this case, without proofreading the contents.

To the extent the Court can glean an argument applicable to this case, it appears that defendant is claiming that he cannot prepare a proper defense to a charge stemming from child pornography involving real minors because the statute does not except defense counsel from its aim. Specifically, defendant argues that the prosecution is permitted to engage in various activities in preparation of its case, including receiving the alleged contraband, compiling lists of websites, visiting websites and downloading images, while defendant and his counsel are precluded from engaging in the same behavior. Defendant claims that he intends to offer digital imaging evidence and investigate the charges filed against him. Defendant further claims that his counsel is ineffective because he cannot undertake these tasks without fear of prosecution. It appears that defendant also claims that prosecutors routinely conduct these investigative and preparatory tasks and, as such, the playing field is not level.

The government argues that this very same motion was rejected by the Southern District of Ohio in *United States of America v. Halter*, Case No. 2:04-CR-189 (S.D. Ohio. March 31,

2006). Again, it appears that counsel for defendant in this case took motions filed by other attorneys in other cases and simply filed them here without regard to the applicability of the arguments. For example, in *Halter*, the motion was raised *after* trial. In contrast, defendant here files a motion regarding the effectiveness of his counsel before trial even commenced. Moreover, although citing the case, defendant wholly fails to analyze the ineffective assistance of counsel factors set forth in *Strickland v. Washington*, 466 U.S. 688 (1984). The Court also finds that defendant fails to establish that the statute unconstitutionally deprives him of a fair trial. The statute is directed only at child pornography involving real minors. Defendant makes no effective argument as to why he needs to conduct analyses and searches of websites of child pornography involving real minors. There is no indication that defendant has been deprived of the content of the actual images charged. Nor is there any persuasive argument as to why a limited protective or immunity order could not be issued in this matter. To date, defendant has sought neither. Thus, based on the arguments presented, the Court finds that defendant's motion must be denied.

    4.    Motion to Dismiss Counts in Indictment Reliant Upon 18 U.S.C. § 2252 for Violation of Equal Protection (ECF 20)

Defendant argues that the counts in the indictment that rely on 18 U.S.C. § 2252 must be dismissed. According to defendant, this provision is unconstitutional because it violates the Equal Protection clause. Defendant points out that certain state statutes permit minors under the age of 18 to marry. The federal statute, however, defines "minor" as any individual under the age of 18. Thus, according to defendant, married minors are prohibited from engaging in private intimate conduct without governmental interference. It appears that defendant is claiming that married minors are treated differently than married adults. Defendant's argument fails for the

simple reason that he lacks standing. Defendant does not claim that he is a married minor and, as such, he is not within the protected class of individuals who are harmed by the alleged violation of equal protection. Accordingly, the motion is denied.

5  ECF Docs. 21 and 22

These two motions challenge the constitutionality of 18 U.S.C. §§ 2256(8)(b) and (c). These provisions are relevant to the third and fourth counts in the indictment. As the government has dismissed these charges, the motions are moot.

**CONCLUSION**

For the foregoing reasons, the Court finds that defendant's motions are DENIED, with the exception of ECF Docs. 21 and 22, which are MOOT..

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
       PATRICIA A. GAUGHAN
       United States District Judge

Dated: 1/22/07